**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN NEUBERT, #535152,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0393-H |
| | ) | |
| **MEDICAL ADMINISTRATOR,** | ) | |
| University of Texas Medical Branch, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is currently incarcerated at the Sanders Estes Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Venus, Texas. Defendants are the Medical Administrator of the University of Texas Medical Branch (UTMB), Medical Administrator Dr. Steven Bowers and the following employees at the Sanders Estes Unit:  Dr. Barry Raff, Physical Assistant Amanda Babbill, and Records Clerk Deanna Fetner. The court has not issued process in this case. However, on April 5, 2005, the magistrate

judge issued a questionnaire to Plaintiff, who filed his answers along with a Brief in Support on April 15, 2005.

Statement of Case: The complaint, as supplemented by the answers to the magistrate judge's questionnaire and the memorandum in support, alleges a pattern of inadequate medical care for Plaintiff's severe osteoarthritic condition and degenerative joint disease of the left knee in violation of his Eighth Amendment rights. Plaintiff experiences extreme pain while walking without the use of medical boots, and without the assistance of a knee brace or a cane. The complaint further alleges that Defendants inordinately delayed in referring Plaintiff to the Brace and Limb Clinic for an examination and to order needed medical boots. With respect to Defendant Fetner, the complaint alleges that she instructed Officer R. Morris to write a false disciplinary case against Plaintiff in retaliation for filing repeated grievances complaining about the inadequate medical care for his severe knee condition. Plaintiff requests monetary and punitive damages.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A (emphasis added). <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996

2

("PLRA"), provides as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably monetary damages, exhaustion is a prerequisite to suit. Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir.2001). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, defendants are entitled to judgment as a matter of law dismissing the prisoner's complaint, but the dismissal must be without prejudice to refiling after exhausting his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir.1998).

TDCJ currently provides a two-step procedure for presenting administrative grievances. Id. 162 F.3d at 891; see also Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir.2004).[1]

---

[1] In Wendell, the Fifth Circuit described the two-step procedure as follows:

> Step 1 requires the prisoner to submit an administrative grievance at the institutional level. After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for step 1 of the process, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Step 2 permits the prisoner to submit an appeal to the division grievance investigation with the Institutional Division of the Texas Department of Criminal Justice. After an investigation, the department grievance investigator prepare a report and makes a recommendation

3

In answer to the magistrate judge's questionnaire, Plaintiff concedes that he did not exhaust both steps of the grievance procedure with respect to his retaliation claim. (See Answer to Question 26 of the Questionnaire). He claims filing a step 1 grievance on October 22, 2004, challenging his disciplinary case and raising his retaliation claim. (Id.). While he received a response to the step 1 grievance on November 17, 2004, he admits that he did not file a step 2 grievance. (Id.) Consequently, Plaintiff's retaliation claim against Defendant Fetner should be dismissed without prejudice for failure to exhaust administrative remedies.[2]

Accepting as true Plaintiff's allegations as to the denial of medical of medical care and the inordinate delay in making an appointment with the Brace and Limb Clinic, the magistrate judge concludes that Plaintiff has arguably raised a claim cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (to state a colorable claim for the denial of medical care under the Eighth Amendment, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs."); Norton v. Dimazana,

---

to the final decision maker for step 2 of the process, which is the director, deputy director, regional director or assistant director.

The grievance procedures takes approximately 90 days to exhaust. Prisoners are allowed 15 calendar days to file a step 1 grievance. The response to the step 1 grievance is due within forty days after receipt of the grievance. The prisoner ten has 10 days to submit an appeal. The response to the step 2 grievance is due within forty days after receipt of the prisoner's appeal.

Wendell, 162 F.3d at 891 (citations omitted).

[2] In Johnson v. Johnson, 385 F.3d 503, 521 (5th Cir.2004), the Fifth Circuit recently stated that "prisoners need not continue to file grievances about the same issue." Unlike Johnson, however, Plaintiff did not fully exhaust his administrative remedies with respect to his retaliation claim --i.e., filed a step 1 grievance, which was followed by an appeal through the step 2 grievance process.

122 F.3d 286, 291 (5th Cir. 1997). Plaintiff's allegations that Defendants refused to provide adequate medical care for his severe osteoarthritic condition and degenerative joint disease of the left knee raise a claim that Defendants may have been deliberately indifferent to a serious medical need. (Answer to Questions 3-18, and Brief in Support filed on April 15, 2005). Plaintiff may have also raised a claim that the delay in scheduling an appointment at the Brace and Limb Clinic to order much needed medical boots has resulted in substantial harm – i.e., "his left knee and right foot and ankle are in much worse shape and more painful than when Plaintiff arrived on this Unit in May 2004." (See Answer to Question 18); see also Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Therefore, Plaintiff's medical care claims are not subject to dismissal at the screening stage.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's retaliation claim against Defendant Deanna Fetner be dismissed without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(e).

It is further recommended that service of process be issued on Plaintiff's medical care claims as to the following Defendants: the Medical Administrator of the University of Texas Medical Branch, Dr. Steven Bowers, Dr. Barry Raff, and Physical Assistant Amanda Babbill.

It is also recommended that Plaintiff's motion for a physical examination, filed on April 8, 2005, and that his motion for an evidentiary hearing, filed on April 15, 2005, be denied

without prejudice to them being reassserted after service of process.

  A copy of this recommendation will be mailed to Plaintiff Steven Neubert, TDCJ, No. 535152, The Geo Group Inc., Sanders Estes Unit, 1100 Hwy. 1807, Venus, Texas 76084.

  Signed June 1, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.